RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE _____ 9/24/14
MB

UNITED STATES DISTRICT COURT                    a
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ERIC DEWAYNE MITCHELL              DOCKET NO. 14-CV-2534; SEC. P

VERSUS                             JUDGE DRELL

NATCHITOCHES PARISH SHERIFF        MAGISTRATE JUDGE KIRK
DEPT., ET AL

## REPORT AND RECOMMENDATION

Pro se Plaintiff Eric Dewayne Mitchell filed the instant civil rights complaint (42 U.S.C. §1983) on August 21, 2014. Plaintiff was granted leave to proceed *in forma pauperis* on August 29, 2014. According to his complaint, Plaintiff is a pretrial detainee incarcerated at the Natchitoches Parish Jail. He seeks a release from custody, the dismissal of criminal charges pending against him, the termination of employment of Detective McDowell, compensatory damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Plaintiff's Allegations*

Plaintiff alleges that he was arrested on May 31, 2014, for having an expired Special Identification Card, but that he is also being held for failure to register as a sex offender. He states that he is being detained for "emotional bias purposes of a corrupt system...." [Doc. #1, p.3]

*Law and Analysis*

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C. §1915(e)(2); see Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990).

Plaintiff's complaint was filed pursuant to 42 U.S.C. §1983 which provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...." A civil rights suit is for recovering damages or injunctive relief, *but not for seeking a release from custody.*

In this case, Plaintiff seeks monetary damages, his release from custody, and the dismissal of charges.  "A habeas petition, ... is the proper vehicle to seek release from custody." Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997); Cook v. Texas Dept. of

Criminal Justice Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994)(holding that habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact of his confinement).

However, even if Plaintiff had filed a petition for writ of habeas corpus, his claim would still be subject to dismissal. Federal habeas relief is generally unavailable to litigants until they have exhausted available state court remedies.  While it is only in the post-trial setting that exhaustion is mandated by statute, (see 28 U.S.C. §2254(b)) the jurisprudence holds that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-492 (1973); Ex parte Royall, 117 U.S. 241, 250-54 (1886); Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir. 1976).

The jurisprudentially crafted exhaustion doctrine of section 2241(c)(3) was crafted on federalism grounds in order to protect the state courts' opportunity to initially confront and resolve constitutional issues arising within their jurisdictions and to limit federal interference in the state adjudicatory process. See Braden, 410 U.S. at 490-91.  In order to satisfy the exhaustion

3

requirement, the party seeking habeas relief must have provided all state courts that could review the matter with a fair opportunity to review all of his habeas corpus claims before a federal court will review those claims. See Anderson v. Harless, 459 U.S. 4, 103 S.Ct. 277 (1982).

Petitioner has not fairly presented his federal habeas claims to the highest state court for review; therefore, he would not entitled to federal habeas relief at this time even if he had filed a habeas claim.

Additionally, Plaintiff is not entitled to injunctive relief in the form of an order having Detective McDowell's employment terminated. Federal courts are not prison managers. Ordinarily, courts accord great deference to the internal administrative decisions of prison officials. Royal v. Clark, 447 F.2d 501 (5th Cir. 1971); Krist v. Smith, 439 F.2d 146 (5th Cir. 1971); Haggerty v. Wainwright, 427 F.2d 1137 (5th Cir. 1970). In fact, the Supreme Court has continuously cautioned federal courts from assuming "a greater role in decisions affecting prison administration." Shaw v. Murphy, 532 U.S. 223, 230 (2001); Turner v. Safley, 482 U.S. 78, 84-85 (1987).

Finally, Plaintiff seeks monetary damages for emotional distress. However, under 42 U.S.C. §1997e(e), "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury

suffered while in custody without a prior showing of physical injury." Plaintiff has not provided allegations of physical injury, so his claim for mental/emotional damages is frivolous.

## Conclusion

For the forgoing reasons, Plaintiff fails to state a claim for which relief can be granted. Thus, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and 1915A.

## Objections

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM

ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS
ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

    **THUS DONE AND SIGNED** at Alexandria, Louisiana, this 23rd day
of September, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

6